## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMSON LIFT TECHNOLOGIES, LLC,** | : | |
| **Plaintiff** | : | **Civ. No. 09-1590** |
| | : | |
| **v.** | : | |
| | : | |
| **JERR-DAN CORPORATION,** | : | **J. RAMBO** |
| **Defendant** | : | |

## M E M O R A N D U M

## I.     <u>Background</u>[1]

The background of this case is as follows: This case was first transferred to this court from the Southern District of New York in August 2009.  (Doc. 1.) Since that time, over 150 documents have been filed, including an amended complaint, motions to dismiss, a motion for summary judgment, a motion for sanctions, motions for reconsideration, motions in limine, and countless motions to exceed page limitations and/or extend deadlines.  Suffice it to say, the court is intimately acquainted with the underlying facts of this case, many of which are highly disputed.  Currently, this case is scheduled to go to trial January 9, 2012. However, the court has recently been informed that subject matter jurisdiction might be ay issue in this case as it seems there has been confusion regarding Defendant's exact state of incorporation.  It appears that Plaintiff's complaint and Defendant's answer both erroneously named Jerr-Dan as a Pennsylvania corporation instead of a

---

[1]  Because the court writes primarily for the parties, the underlying factual allegations will not be re-hashed here.  For a summary of this cases's history, those interested may review this court's August 11, 2011 memorandum and order regarding summary judgment.

Delaware corporation.  Because Samson is a Delaware corporation, if Jerr-Dan is likewise incorporated there, diversity of citizenship does not exist and therefore, this court lacks subject matter jurisdiction.  However, Defendant now claims that federal jurisdiction is proper under 28 U.S.C. § 1338 because this case invokes a substantial question of patent law, which Congress has vested in the exclusive jurisdiction of federal courts.  For the reasons that follow, the court will decline to exercise jurisdiction and will dismiss this case.

**II.        Discussion**

Jurisdiction in this case centers around what Plaintiff must prove to establish that Defendant in fact breached the Patent Notice provision in the underlying License Agreement.  The License Agreement states that Jerr-Dan was to inform Samson if it were to file a patent for a product which was an "Improvement" to the side loading vehicle retriever ("SLVR") which Jerr-Dan had contracted to produce and market for Samson.

28 U.S.C. § 1338(a) states as follows: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights. . . ." 28 U.S.C. § 1338 (a).  The parties greatly dispute whether this case in fact implicates patent issues, thus invoking federal jurisdiction, or is rather a contract case which should be properly heard by a state court due to a lack of diversity between the parties.

The seminal case relied on by both parties on this issue is *Christianson v. Colt Industries Operating Corporation*, in which the Supreme Court explains what

it means for a case to "arise under" the federal patent statute thus invoking District Court jurisdiction. 486 U.S. 800, 807 (1988). As the Supreme Court explained, "[a] district court's federal-question jurisdiction . . . extends over 'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law . . . .'" *Id.* at 808 (quoting *Franchise Tax Board of Ca. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Furthermore, "§ 1338 jurisdiction likewise extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary elements of one of the well-pleaded claims." *Id.* at 809. A court when analyzing whether a claim arises under patent law must focus on the complaint and not on any anticipated defenses upon which a defendant might rely. *Id.* (explaining, "[t]hus, a case raising a federal patent-law defense does not, for that reason alone, 'arise under' patent law, 'even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.'")

In addition, patent-law jurisdiction is not invoked if a plaintiff may rely on alternative means of seeking recovery in a case. "[I]f 'on the face of a well-pleaded complaint there are . . . reasons completely unrelated to the provisions and purposes of the patent laws why the plaintiff may or may not be entitled ro the relief it seeks . . . then the claim does not arise under those laws . . . . Thus, a claim supported by alternative theories in the complaint may not form the bases for § 1338(a) jurisdiction unless patent law is essential to each of those theories.'" *Id.* at

810 (internal citations omitted).  As such, "[t]he well-pleaded complaint rule . . . focuses on claims, not theories . . . and just because an element that is essential to a particular theory might be governed by federal patent law does not mean that the entire [underlying] claim 'arises under' patent law." *Id.* at 811 (*referencing Franchise Tax Board, supra*) (internal citations omitted).

In light of this Supreme Court language, the court here finds that federal patent-law jurisdiction is not proper.  The court understands Defendant's urge to find that this court has jurisdiction.  As mentioned above, this court has dealt with multiple filings in this case and there are clear issues of material fact which must be decided.  There is an admitted curiosity by the court to see how a trial in this case might play out.  However, curiosity is what led to the demise of the proverbial cat, and the court believes proceeding to trial would lead to the same result regarding this court's proper jurisdiction.  Patent law considerations in this case appear to be secondary to the clearly alleged contract disputes.  Although the complaint does allege that Defendant failed to give proper notice to Plaintiff when it filed its Provisional Patent Application Number 60/741,152, this is only one theory of recovery alleged by Plaintiff.  Plaintiff also claims that Defendant fraudulently induced Plaintiff to enter in to a contract and breached the contract by failing to properly manufacture and market the SLVR.  (Compl. Claims I, III, and IV.) Plaintiff makes no explicit patent infringement claims, and, given the Supreme Court's language in *Christianson*, the court does not feel comfortable reading patent law issues into the complaint.[2]  In Plaintiff's response to the jurisdictional matter

---

[2]  The court understands Jerr-Dan's reliance on *Scherbatskoy v. Halliburton Co.*, 125 F.3d 288 (5th Cir. 1997), and agrees that at first glance the language in that case supports Defendant's

(continued...)

4

they state that Defendant "has produced no evidence that it tried to find out whether its application contained 'Improvements' prior to filing the application without notice. Samson's Complaint alleges that, standing alone, this constitutes a breach of the contract." (Pl. Samson's Counterstatement Regarding Jurisdiction, at p. 7.) If this is the only evidence Samson claims to need to prevail on this theory of its case, no specific patent issues need be addressed and federal question jurisdiction would not be invoked. The court is well aware that Samson may attempt to litigate the case in such a manner that would require a court to determine whether or not Jerr-Dan's patent in fact was an "Improvement" on the SLVR, but the court is not willing to invoke jurisdiction based on foreshadowing of what might occur at trial.

The time and resources spent on this case thus far have been vast, however, the court simply cannot create jurisdiction where none exists. (*See Christianson, supra*, at 818 (explaining "that a court may not in any case, even in the

---

[2](...continued)
position. However, the Federal Circuit, when deciding the appeal in that case declined to address the merits of the jurisdictional issue and instead followed the "law of the case" doctrine and found that the Fifth Circuit's decision to transfer the case to the Federal Circuit was not "implausible or clearly erroneous." *Scherbatskay v. Halliburton Co.*, 1999 WL 13377, at *4 (Fed. Cir. 1999). The court is not willing to ignore Supreme Court precedent based on a non-binding decision out of the Fifth Circuit which the Federal Circuit found to be merely not "erroneous."

interest of justice, extend jurisdiction where none exists . . . . Parties often spend years litigating claims only to learn that their efforts and expense were wasted on a court that lacked jurisdiction.")  As such, this case will be dismissed.[3]

s/Sylvia H. Rambo
United States District Judge

Dated:  December 20, 2011.

---

[3]  Plaintiff request the court to impose sanction on Defendant for its actions.  As this court has previously explained, the court's inherent power to sanction must be used "with restraint and caution."  (*See* Doc. 170, Order on Pl.'s Mot. for Sanctions, at 5 (citing *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002)).  Moreover, the court's inherent power to impose sanctions when a party in a case "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." *Id.*  Although the oversight regarding the proper place of incorporation of Defendant in this case is huge, the court does not believe it was done purposefully or in bad faith.  As such, the court will not exercise its inherent right to impose sanctions on Defendant.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMSON LIFT TECHNOLOGIES, :
LLC, :
              **Plaintiff** :       Civ. No. 09-1590
                      :
     **v.** :
                      :
JERR-DAN CORPORATION, :       J. RAMBO
              **Defendant** :

## ORDER

In accordance with the accompanying memorandum of law, the court finds it lacks subject matter jurisdiction in this case, as such, the case is **DISMISSED** without prejudice.  The Clerk of Court shall close the file.


                            s/Sylvia H. Rambo
                            United States District Judge

Dated:  December 20, 2011.